# IN THE UNITED STATES DISTRICT COURT FOR
# THE SOUTHERN DISTRICT OF WEST VIRGINIA

## HUNTINGTON DIVISION

TEAMSTERS LOCAL UNION
NO. 505 affiliated with the
INTERNATIONAL BROTHERHOOD
OF TEAMSTERS,

                     Plaintiff,

v.                                                CIVIL ACTION NO. 3:09-0208

AMERICAN BENEFIT CORPORATION,

                     Defendant.

## MEMORANDUM OPINION AND ORDER

Pending is Plaintiff's Motion for Summary Judgment (Doc. 9). The Court heard argument on the motion during a Pretrial Conference on February 22, 2010. For reasons explained at the conference, as well as below, the Court **GRANTS** the motion. Also pending is Plaintiff's request for attorney's fees. The Court **DIRECTS** Plaintiff to file, **within 14 days**, a memorandum in support of such request and any necessary documentation. Defendant will have the ordinary amount of time in which to file a response.

### Background

There is no dispute regarding the material facts of this case. Both parties are signatories to a collective bargaining agreement. That agreement contains grievance procedures for resolving differences which arise under its provisions, ending in arbitration before the Piedmont Grievance Committee ("PGC"). The PGC is a joint committee of union and employer representatives, which

hears and decides grievances referred to it by Teamster Local Unions and other employers subject to collective bargaining agreements designating it as arbitrator.

On October 10, 2008, the Teamsters Local Union 505 ("Union") initiated a grievance on behalf of Tonia Carroll. The grievance alleged that American Benefits Corporation ("ABC") had violated the seniority provisions of the collective bargaining agreement and other relevant provisions by failing to recall Ms. Carroll from a layoff. On October 14, 2008, the ABC human resources director sent a memorandum to Ms. Kennedy stating that the company would not accept the grievance because Ms. Carroll was no longer employed by ABC. On October 16, 2008, the Union president and business agent wrote a letter to the human resource director requesting arbitration. In letters written on December 15, 2008, and January 22, 2009, ABC conceded that both the substantive issue – whether the terms of the collective bargaining agreement were violated – and the procedural issue – whether Ms. Carroll had the right to file a grievance – were arbitrable. The company, however, refused to have the procedural and substantive issues decided in the same proceeding. Instead, the company demanded that the procedural issue be resolved, through arbitration, before the substantive issue was submitted to the arbitrator. Plaintiff filed suit in this Court to compel ABC's compliance with the dispute resolution procedure under the collective bargaining agreement. The parties agree that nothing in the agreement specifies whether they are entitled to single or multi-staged arbitration.

**Standard of Review**

To obtain summary judgment, the moving party must show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). In considering a motion for summary judgment, the Court will not "weigh the evidence

and determine the truth of the matter[.]" *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). Instead, the Court will draw any permissible inference from the underlying facts in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587-88 (1986).

Although the Court will view all underlying facts and inferences in the light most favorable to the nonmoving party, the nonmoving party nonetheless must offer some "concrete evidence from which a reasonable juror could return a verdict in his favor[.]" *Anderson*, 477 U.S. at 256. Summary judgment is appropriate when the nonmoving party has the burden of proof on an essential element of his or her case and does not make, after adequate time for discovery, an evidentiary showing sufficient to establish that element. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986).

**Analysis**

Both parties agree that both the procedural question presented by the dispute and the substantive issue are subject to arbitration. The issue for this Court is whether to order a single or two-part arbitration or leave that decision for an arbitrator. Because management of the arbitration is itself a procedural issue, the Court finds that it is a question better put to the arbitrator.

The Supreme Court has made clear that while "questions of arbitrability" should be decided by the courts, "[o]nce it has been determined . . . that the parties are obligated to submit the subject matter of the dispute to arbitration, 'procedural' questions which grow out of the dispute and bear on its final disposition should be left to the arbitrator." *John Wiley & Sons, Inc. v. Livingston*, 376 U.S. 543, 557 (1964). The Court went on to explain, "we think it best accords with the usual purposes of an arbitration clause and with the policy behind federal labor law to regard procedural disagreements not as separate disputes but as aspects of the dispute which called the grievance

procedures into play." *Id.* at 559.  The Supreme Court further expounded upon the difference between "questions of arbitrability" and "procedural questions" in a later case. *See Howsam v. Dean Witter Reynolds, Inc.* 537 U.S. 79 (2002).  The Court explained that the phrase "question of arbitrability" should be given a narrow scope,

> applicable in the kind of narrow circumstance where contracting parties would likely have expected a court to have decided the gateway matter, where they are not likely to have thought that they had agreed that an arbitrator would do so, and, consequently, where reference of the gateway dispute to the court avoids the risk of forcing parties to arbitrate a matter that they may well not have agreed to arbitrate.

*Id.* at 592.

Here there is no question of arbitrability for this Court to decide. The parties have agreed that both the substantive question and a related procedural question should properly be submitted to arbitration. The question before this Court is essentially whether it is more appropriate for an arbitrator or a judge to manage the course of arbitration. There is no gateway issue, but rather one of case management. A similar issue was presented to the First Circuit Court of Appeals, which held that the decision of whether to consolidate three grievances into a single proceeding was better left to the arbitrator. *See Shaw's Supermarket's Inc. v. United food and Commercial Workers Union, Local 791, AFL-CIO,* 321 F.3d 251 (1st Cir. 2003). The question of whether the procedural issue should be decided prior to the substantive issue grows out the controversy to be resolved in arbitration and is itself a procedural matter to be decided by the arbitrator. As such, the Court **FINDS** in favor of Plaintiff and **ORDERS** that all matters be put before the arbitrator – here, the PGC. The PGC will decide on its own how the remainder of this case should proceed.

**Conclusion**

For the reasons explained during the February 22, 2010 hearing and above, the Court **GRANTS** Plaintiff's Motion for Summary Judgment (Doc. 9). Additionally, the Court recognizes that Plaintiff has requested the award of attorneys fees incurred during theses proceedings. The Court **DIRECTS** Plaintiff to submit, **within 14 days** a memorandum and documentation in support of this request. The Defendant will have the normal allotted time to respond. The Court further **DIRECTS** the Clerk to send a copy of this written Opinion and Order to counsel of record and any unrepresented parties.

ENTER: February 24, 2010

_____
ROBERT C. CHAMBERS
UNITED STATES DISTRICT JUDGE