IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

TEAMSTERS LOCAL UNION
NO. 505 affiliated with the
INTERNATIONAL BROTHERHOOD
OF TEAMSTERS,

                Plaintiff,

v.                                            CIVIL ACTION NO. 3:09-0208

AMERICAN BENEFIT CORPORATION,

                Defendant.

**MEMORANDUM OPINION AND ORDER**

Pending is the Plaintiff's Motion for Attorney's Fees and Costs (Doc. 20). On February 24, 2010, the Court issued a Memorandum Opinion and Order (Doc. 18) granting summary judgment in Plaintiff's favor. Because the Court **FINDS** that the Defendant's position in this case was "without justification" and resulted in a substantial delay of arbitration, it now **GRANTS** Plaintiff's motion for costs and fees and **DIRECTS** Defendant to pay all of the claimed costs and fees incurred in pursuit of this action.

**Background**

Plaintiff filed this action on March 9, 2009 to compel arbitration. Both parties in this case are signatories to a collective bargaining agreement. That agreement contains grievance procedures for resolving differences which arise under its provisions, ending in arbitration before the Piedmont Grievance Committee ("PGC"). The PGC is a joint committee of union and employer representatives, which hears and decides grievances referred to it by Teamster Local Unions and

employers subject to collective bargaining agreements designating it as arbitrator. On October 10, 2008, the Teamsters Local Union 505 ("Union") initiated a grievance on behalf of Tonia Carroll. The grievance alleged that American Benefits Corporation ("ABC") had violated the seniority provisions of the collective bargaining agreement and other relevant provisions by failing to recall Ms. Carroll from a layoff. On October 14, 2008, the ABC human resources director sent a memorandum to Ms. Kennedy stating that the company would not accept the grievance because Ms. Carroll was no longer employed by ABC. On October 16, 2008, the Union president and business agent wrote a letter to the human resource director requesting arbitration. In letters written on December 15, 2008, and January 22, 2009, ABC conceded that both the substantive issue – whether the terms of the collective bargaining agreement were violated – and the procedural issue – whether Ms. Carroll had the right to file a grievance – were arbitrable. The company, however, refused to have the procedural and substantive issues decided in the same proceeding. Instead, the company demanded that the procedural issue be resolved, through arbitration, before the substantive issue was submitted to the arbitrator. The parties agreed that nothing in the agreement specifies whether they are entitled to single or multi-staged arbitration.

     Plaintiff filed its motion for summary judgment on November 24, 2009. Defendant did not respond until February 8, 2010 when it offered only a limited response without a single citation to authority. In a Memorandum Opinion and Order entered on February 24, 2010, the Court found that the question of whether to proceed in a single or multi-stage arbitration was itself a procedural question, one of case management, which should be left to the arbitrator. As such the Court granted summary judgment and ordered that the parties put all matters before the arbitrator, and left the

decision on how to proceed to the arbitrator. Plaintiff filed the instant motion for costs and fees on March 3, 2010 and Defendant has failed to respond.

## Analysis

Neither the collective bargaining agreement nor § 301 of the Labor Relations Management Act, under which this case was brought, provide for the award of attorney's fees. *See* 29 U.S.C. § 185. Under such circumstances, courts traditionally adhere to the American Rule for costs and fees, which requires each party to bear their own costs for litigation. *Alyeska Pipeline Serv. Co. v. Wilderness Soc'y,* 421 U.S. 240 (1975). The traditional rule, however, is subject to certain limited exceptions derived from the courts' historic powers of equity. *United Food and Commercial Workers v. Marval Poultry Company, Inc.* 876 F.2d 346 (4th Cir. 1989). In *Marval Poultry*, the Fourth Circuit Court of Appeals determined that attorney fees and costs could be awarded in a section 301 action where a party's position was "without justification." *Id.* Although the *Marval Poultry* action involved a challenge to an arbitrator's award, other courts, including at least one from this district, have found the standard to be applicable when a defendant refuses to submit to arbitration. *See Service Employees Intern. Union AFL-CIO v. Nonotuck Resource Associates, Inc.* 64 F.3d 735 (1st Cir. 1995); *Chauffers, Teamsters, & Helpers v. Stoehmann Bros.,* 625 F.2d 1092 (3d Cir. 1980); *United Food & Commercial Workers Union v. Alpha Beta Co,* 736 F.2d 1371 (9th Cir. 1984); *Food and Commercial Workers v. West Virginia-American Water Co.,* 2006 WL 2822262 (S.D. W.Va. Sept. 29, 2006).

Here, the Court concludes that the Defendant acted without justification when it refused to submit all matters to arbitration and delayed those proceedings. Defendant conceded that both the substantive issue to be resolved – whether there was a violation of the collective bargaining

agreement and a primary procedural issue – whether Ms. Carroll had the right to file a grievance – were both arbitrable. The only dispute was whether Defendant had the right to refuse to submit the first issue to the arbitrator before the second issue was resolved. As the Court found in its prior Memorandum Opinion and Order this is simply a matter of case management and clearly a procedural issue for the arbitrator to decide. In support of its position, Defendant did not offer a single authority in support and only a cursory response to Plaintiff's motion for summary judgment. Finally, Defendant's refusal to submit all matters to arbitration resulted in a delay of proceedings for over a year, greatly hindering the primary purpose of arbitration – "the quick resolution of disputes and the avoidance of the expense and delay associated with litigation." *Raymond James Financial Services, Inc. v. Bishop*, 59 F.3d 183, 190 (4th Cir. 2010) (quoting *Abex Plumbing Supply, Inc. v. U.S. Supply Co., Inc.* 142 F.3d 188, 193 (4th Cir. 1998)). For these reasons the Court **GRANTS** Plaintiff's motion. Additionally, the Court has reviewed the documentation submitted in support of the claimed costs and fees and **FINDS** that both the rates and hours are reasonable. As such, the Court **DIRECTS** Defendant to pay costs and fees in the amount of $5,312.16.

## Conclusion

For the reasons explained above the Court **GRANTS** Plaintiff's Motion for Attorney's Fees and Costs (Doc. 20). The Court **DIRECTS** the Clerk to send a copy of this written Opinion and Order to counsel of record and any unrepresented parties.

    ENTER: April 2, 2010

ROBERT C. CHAMBERS
UNITED STATES DISTRICT JUDGE